**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| VS. | * |
| | *   NO. 4:07CR00163 SWW |
| JACK RONDLE PIPKIN | * |
| | * |
| | * |

**ORDER**

Before the Court Defendant Jack Rondle Pipkin's motion to dismiss the remaining counts against him (docket entry #119) and the United States' response in opposition (docket entry #124). After careful consideration, and for the reasons that follow, Pipkin's motion will be denied.

The second superseding indictment in this case charges Pipkin with five different crimes as follows: Count 1--conspiracy to transport a stolen motor vehicle in interstate commerce and to receive any motor vehicle which had crossed a state boundary after being stolen, all in violation of 18 U.S.C. § 371; Counts 3, 6, 8, and 11--receiving a stolen motor vehicle after it had been transported across state boundaries, in violation of 18 U.S.C. § 2313; Counts 4 and 9--transporting a stolen motor vehicle in interstate commerce, in violation of 18 U.S.C. § 2313; Count 12–conspiracy to structure transactions for the purpose of evading reporting requirements, all in violation of 18 U.S.C. § 371; and Counts 13, 14, 15, and 16--assisting another person in structuring any transaction with a financial institution for the purpose of evading reporting requirements.

Pipkin pleaded not guilty to each crime charged, and the case proceeded to a jury trial.

1

On April 18, 2008, a jury returned verdicts of not guilty on Counts 1, 6, and 13, and the Court declared a mistrial on Counts 3, 4, 8, 9, 11, 12, 14, 15 and 16. A new trial is scheduled to begin May 12, 2008.

Pipkin asserts three arguments in support of his motion to dismiss the remaining counts. First, he asserts that the not guilty verdict on Count 1 precludes a retrial of counts charging transportation or receipt of stolen motor vehicles. Pipkin argues that in reaching a not guilty verdict, the jury necessarily determined that he lacked knowledge that the motor vehicles at issue in this case were stolen. Pipkin notes that an essential element for the crimes of transportation and receipt of a stolen motor vehicle is knowledge that the motor vehicle transported or received was stolen.

To support his argument, Pipkin cites a portion of the Court's instruction to the jury regarding the first essential element for the crime of conspiracy as charged in Count 1:

> One, in or about June or July 2004 through on or about September 15, 2004, two persons reached an agreement or came to an understanding to transport a stolen motor vehicle in intestate commerce, knowing the same to have been stolen, or to receive, possess, conceal or store any motor vehicle which had crossed a state boundary after being stolen.

Docket entry #109, Court's Instruction No. 9.

The foregoing instruction explains that the first element of the crime of conspiracy is that two or more persons reached an agreement to commit the crimes of transportation and receipt of a stolen motor vehicle. The instruction does not concern whether Pipkin had knowledge that the motor vehicles at issue in Counts 3, 4, 8, 9, and 11 were stolen. The Court finds that the jury's verdict on Count 1 does not preclude relitigation of the remaining counts charging transportation and receipt of stolen motor vehicles.

Second, Pipkin argues that the remaining structuring counts must be dismissed based on the not guilty verdict on Count 13, which charges that on or about July 15, 2004, Pipkin wrote three checks to Thomas Scott Miller for $7,000 to avoid cash reporting requirements. Pipkin argues:

> Court's Instruction Nos. 15 and 16 stated to the jury that an essential element to be proved beyond a reasonable doubt was knowledge that dividing the sales price into separate checks was a crime. Pipkin testified that he "had no idea it was a crime" and that he did not instruct Thomas Miller to do it or where to cash the check. The jury believed him as evidenced by their not guilty verdict on Count 13. . . . The remaining mistrial counts pertaining to structuring are again the same acts and transactions, just a different piece of equipment and a different sales price, which should be precluded from being retried once again.

Docket entry #119, at 4

The Court instructed the jury that the crime of structuring includes three essential elements, one of which is "at the time the defendant structured or assisted in structuring . . . he knew that the financial institutions involved were legally obligated to report currency transactions in excess of $10,000." Docket entry #109, Court's Instruction No. 19. The Court's instruction lists two additional elements–that the defendant structured or assisted in structuring a transaction with one or more financial institutions and that the defendant acted with the intent to evade the reporting requirement. *Id.* Given the Court's instruction, it is far from clear that the jury found Pipkin not guilty under Count 13 because he lacked knowledge that structuring a transaction to avoid reporting was a crime. The Court finds that Pipkin's acquittal on Count 13 does not preclude retrial of the remaining structuring counts.

Finally, Pipkin argues that the remaining counts should be dismissed in the interest of justice because the law attaches particular significance to an acquittal. The protection of the

Double Jeopardy Clause applies only if there has been some event, such as an acquittal, which terminates the original jeopardy. *United States v. Bordeaux* 121 F.3d 1187, 1193 (8th Cir. 1997)(citing *Richardson v. United States*, 468 U.S. 317, 325, 104 S. Ct. 3081, 3086 (1984)). In this case, for the reasons stated above, jeopardy did not terminate as to Counts 3, 4, 8, 9, 11, 12, 14, 15 and 16 based on Pipkin's acquittal on Counts 1, 6, and 13. Additionally, "[t]he Supreme Court has consistently adhered to the well-established rule that a mistrial order occasioned by a deadlocked jury does not trigger the Double Jeopardy bar of the Fifth Amendment to prevent retrial." *United States v. Wallis*, 1994 WL 320338, *1 (8th Cir. 1994)(citing *Richardson*, 468 U.S. 317, 323-24). Because the Court finds no constitutional impediment to a retrial, the Court disagrees the interest of justice requires dismissal of the remaining counts.

    IT IS THEREFORE ORDERED that Defendant's motion to dismiss (docket entry #118) is DENIED.

    IT IS SO ORDERED THIS 8TH DAY OF MAY, 2008.


                                        <u>/s/Susan Webber Wright</u>
                                        UNITED STATES DISTRICT JUDGE